# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTEBAN DOMINGO-MARTINEZ,<br><br>　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO. 08CV0005-LAB<br>[Related Case No. 04CR1670-LAB]<br><br>**ORDER DENYING 28 U.S.C.**<br>**§ 2255 HABEAS RELIEF** |

　　　　This matter is before the court on the motion of Jose Esteban Domingo-Martinez ("Domingo-Martinez"), a federal prisoner proceeding *pro se* pursuant to 28 U.S.C. § 2255 for habeas relief from the undersigned District Judge's January 16, 2007 Order revoking his supervised release for violation of the release condition he not come back into the United States illegally. Domingo-Martinez had filed this petition in the Central District of California on November 30, 2007. It was transferred to this district on January 2, 2008. After consideration of the procedural history of the case and the record before it, the court finds the Petition is without merit.

　　　　As culled from the Reporter's Transcript of Domingo-Martinez's sentencing hearing on August 23, 2004, from the Reporter's Transcript of his revocation of supervised release proceedings on January 16, 2007 hearing, and the dockets in case numbers 04cr1670-LAB and 06cr2527-GT, the pertinent procedural history substantiates the undersigned District

Judge had sentenced Domingo-Martinez to a 30-month sentence after accepting his guilty pleas to two counts of illegal entry into the United States from Mexico, once in April 2003 and again in May 2004. In consideration of his criminal history, the Sentencing Guideline range was 70 to 87 months. 8/23/04 RT 18:15-16. He had accepted a plea bargain from the government, and executed a Plea Agreement, which limited the court's sentencing authority to a total of 30 months: six months as to Count 1 (charged as a misdemeanor) and 24 months as to Count II (a felony).[1] Dkt No. 12. Domingo-Martinez further expressly accepted: "In exchange for the Government's concessions in this plea agreement, the defendant: . . . (e) waives the right to appeal **or to collaterally attack the plea, conviction or sentence**; . . ." Id. ¶ 5. The court imposed the 30-month sentence in accordance with the Plea Agreement, and justified running the sentences consecutively based on Domingo-Martinez's prior record and the fact that he had been unsuccessful on parole and probation in the past. 8/23/04 RT 18:18-19:3. In addition:

> THE COURT: . . . **Maximum period for supervised release is one year. I impose a year of supervised release. The single condition being Mr. Domingo not return to the United States**. If you come back, Mr. Domingo, I am telling you right now you come in front of me, we will have nothing to talk about. You tell me today you are not coming back. If you do and I see you here again, I am going to give you the maximum sentence. **I will run it consecutive to any sentence for a new reentry into the United States that you may be subject to**. [¶] Do you understand?
>
> THE DEFENDANT: Yes, I understand.

8/23/04 RT 19:7-17 (emphasis added).

Prior to imposing the sentence, the court explained in detail the meaning of "supervised release" and the consequences of violating associated conditions:

---

[1] The plea agreement also contained the concession by the government it would not prosecute Domingo-Martinez "for a more serious offense of coming in after being deported" if he pled guilty to the two charges of illegal entry, as expressly acknowledged by Domingo-Martinez. 8/23/04 RT 11:14-21. "THE COURT: And the effect of that is that it reduces your exposure from what the government thinks would be 70 or up to 87 months down to 30 months. Is that the deal that you have been offered if you plead guilty? . . . THE DEFENDANT: Yes. THE COURT: Are you sure? Is that what you understand? THE DEFENDANT: Yes. THE COURT: They offered to recommend 30 months, and in effect to limit me to 30 months rather than any higher sentence if you'll plead guilty to these charges. Is that the deal? THE DEFENDANT: Yes, that's the deal." 8/23/04 RT 11:22-12:11.

> THE COURT: . . . Supervised release is that period of supervision following your release from custody. When I sentence you, I will set conditions of supervised release. If you follow them, there is no problem. If you don't follow them, you are in violation and can be brought back to this court. **If you are found to be in violation after a hearing, then you can be sentenced to additional time in jail up to the maximum under the statute**. [¶]  Do you understand what supervised release is?
>
> THE DEFENDANT: Yes.
> . . .
>
> THE COURT: One of the other consequences of pleading guilty is that you will be deported and excluded from admission to the United States in the future.  So once you finish serving the sentence, they will send you back to Mexico.  And even if you wanted to try to come here legally, they won't let you . . . So that's the consequences [of] pleading guilty to those charges.  Do you understand that?
>
> THE DEFENDANT:  Yes, I understand.

8/23/04 RT 9:19-10:17 (emphasis added).

On January 16, 2007, Domingo-Martinez was back before this court, having again illegally reentered the United States on November 3, 2006, constituting both a new offense and a violation of his condition of supervised release in this case.

> THE COURT: Mr. Domingo, you are he[re] today because the probation department has filed a petition with the court.  It alleges that you were placed on supervised release by me on August 23, 2004.  You pled guilty to coming into the country illegally on two occasions.  Among the conditions that were set was that you would go to jail for a period of time and that you were not to come back to the U.S. or violate any of the[] laws of [the] United States.  [¶]  The probation department says even though you were subject to those conditions, on November 3rd of last year, you entered the United States after being deported.  And they note that you have been charged with a new offense of coming into the U.S. illegally . . .  [¶]  Before any action is taken on this petition, you have the right to a hearing.  The government has to prove by a preponderance of evidence that this allegation is true.  If it is true you are in violation. . . .

1/16/08 RT 1:13-2:5.

The court elaborated:

> THE COURT: Here is the deal. You are on supervised release because you were here in 2004. I sentenced you and gave you 30 months.  Then I said don't come back.  You are on supervised release for [one] year[s]. In [that year] if you come back, you are going to [be] subject to more jail time. . . . [¶] . . .

> [T]he probation department says you did come back. They said after you got out of jail, you got sent back to Mexico and then on November 3rd, you tried to slip back into the United States and you got caught here. [¶] If that's true, that's a violation of the supervised release. That's part of the penalty that I imposed last time you were here in 2004. If it's true that you did that, then you are in violation and you are subject to a jail sentence [after a hearing, the conduct of which and the rights he would have at such a hearing fully explained to him on the record] . . . . So you have a right to that kind of hearing. That's what I am trying to explain to you. Do you understand?
>
> THE DEFENDANT: Yes, I understand.

1/16/07 RT 2:12-3:13.

Defense counsel informed the court Domingo-Martinez has "entered into a plea agreement with the government in which he agreed that he was in violation of this petition or the court's order," and was "prepared to admit today." 1/16/07 RT 3:17-21. The court confirmed on the record, with Domingo-Martinez affirmatively agreeing with the court's summary of the situation that he had talked it over with his counsel, he understood his rights to a hearing, "but that as part of the [agreement] on the new charge, you waived your right to have a hearing in this case and you agreed to admit that you were in violation in this older case." 1/16/07 RT 4:2-8; *see* 06cr2527-GT Dkt No. 10, p. 3.

> THE COURT: Is it the case that on November 3rd, 2006 you came into the United States illegally after being deported?
>
> THE DEFENDANT: I attempted to come in, sir.
>
> THE COURT: They caught you?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: The court finds given the representations and the confirmations of [defense counsel] Mr. Barth's representation by Mr. Domingo that he knowingly, voluntarily waived his right to a hearing. And I find based on his statements to me admitting he did illegally attempt to enter the United States after being deported, that he violated supervised release. I revoke supervised release at this point.

RT 4:9-22.

At the time this court heard the petition for revocation of supervised release in this case, Domingo-Martinez had already been sentenced to 48 months by District Judge Gordon Thompson on December 14, 2006 in case number 06cr2527-GT for the new illegal entry

violations. As part of the plea agreement in that case, the parties had agreed and jointly recommended the 48 months imprisonment followed by one year of supervised release. 06cr2527-GT, Dkt No. 10, p. 3. That plea agreement also recited:

> In addition, Defendant will admit that he has previously been convicted of violation of Title 8, United States Code, Section 1325 in the Southern District of California **as evidenced by Criminal Case No 04CR1670-LAB. Defendant will admit he is currently in violation of the conditions of release in Case No. 04CR1670-LAB. The parties, therefore, will stipulate that any sentence imposed for violation of supervised release *will run consecutive to the sentence imposed in the instant case*.** Defendant will agree not to file or argue any motions in relation to the Order to Show Cause issued on the basis of the supervised release violation **and waive any right to appeal or collaterally attack the sentence imposed for violation of supervised release. . . .**

06cr2527-GT, Dkt No. 10, p. 3 (emphasis added).

Without expressly relying on Domingo-Martinez's plea agreement in Judge Thompson's case, wherein he had agreed to a *consecutive* sentence for the separate violation of the supervised release condition imposed *in this case*, the undersigned District Judge recited on the record independent reasons for running the supervised release violation one-year sentence consecutively to the sentence imposed in Judge Thompson's case:

> THE COURT: . . . I told you in 2004 don't come back any more. You ha[d] been deported four times when you appeared in front of me in 2004. And you got a lenient sentence. I was capped. That's what I could give you. Your guideline range was, what did I say, 70 to 87 months? . . . . [¶] The government made a charge bargain and limited statutory exposure to 30 months, which was less than half of the low end guidelines. . . . [¶] I just don't have any confidence that he is going to comply with the conditions of supervised release. He has a poor track record on probation and parole. And the four deportations that he has undergone prior to pleading guilty to that offense tells me that he is not a person of his word. [¶] Accordingly, I do agree with probation 12 months is the appropriate sentence. I impose that consecutive to the sentence Judge Thompson impose[d] in 06cr2527. [¶] So the combined sentence is now 60 months which is still less than, as I remember, the low end of the guidelines that were applicable to him given his real offense conduct in 2004. . . .

1/16/07 RT 9:20-11:3.

      Turning to the habeas petition presently before this court, insofar as his challenges may be construed to arise in this case associated with the revocation of supervised release and imposition of the 12-month sentence for his violation of the condition of release rather than in any other of his criminal proceedings, the court finds Domingo-Martinez manifestly understood and agreed to accept a consecutive sentence for the supervised release violation as part of his plea bargain to a 48-month sentence in the new criminal proceeding before Judge Thompson. In addition, he expressly waived therein any right to appeal or collaterally attack the sentence imposed for violation of supervised release. 06cr2527-GT Dkt No. 10, p. 3. The court accordingly finds Domingo-Martinez is not entitled to pursue a 28 U.S.C. § 2255 habeas petition associated with any aspect of the sentence this court imposed for his violation of the supervised release condition imposed as part of his 2004 sentence.

      Even were the court to consider the petition grounds, they are without merit. Ground One of the petition alleges ineffective assistance of counsel for purportedly "advis[ing] him to plead guilty, assuring me that the time that I will get for my new case, will be run concurrently with the time for the violation of my supervised release, since I was not given proper information at the time of conviction on my first case." Pet. p. 5. If Domingo-Martinez is suggesting his counsel in the "new case" before Judge Thompson was ineffective by advising him to plead guilty in consideration of some suggestion his sentence for his admitted violation of supervised release in this case would run concurrently, any such notion is belied by the Plea Agreement in Judge Thompson's case, as quoted above. Moreover, he was clearly on notice sentencing determinations are within the sole discretion of the court, as expressly recited in both his 2006 plea agreement. 06cr2527-GT Dkt No. 10, p. 3. The excerpts of the proceedings before this court recited above clearly belie his representation he was not given "the proper information at the time of conviction on his first case."

      Petition Ground Two, denominated "Unconstitutional Revocation of Supervised Release," alleges on "August 23, 2004, at the time of my conviction, the paperwork related to what constitutes a violation of a supervised release o[r] probation was not properly given

to me, . . . where nothing is specific. . . ." is plainly without merit. Pet. p. 5. Any such "paperwork" deficiency, if deficiency there was, clearly would be harmless in consideration of the extensive explanation this court provided on the record in this case of the meaning of supervised release, with the sole condition that would constitute a violation of the conditions of release being illegal reentry into the United States after deportation to Mexico, and the court's repeated solicitation and receipt of assurances Domingo-Martinez understood those explanations and consequences.

Finally, his Ground Three alleges "Denial of Argumentative Petition" but states no potential constitutional violation in the muddled articulation of that ground: "The argument to the Judge about the circu[m]stances (lack of information) and the leng[th] of time of the revocation before the sentencing, was never brought up to the Judge, even when according to counsel, that argument would have had [*sic*] proved to be positive and helpful as in other [unidentified] cases similar to mine, where the Court de[c]i[s]ion clearly differs as in this case." Pet. p. 5.

For all the foregoing reasons, the habeas petition is **DENIED**, and the case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

DATED: July 3, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge